UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES E. KITCHEN, No. 583372,

      Petitioner,

v.

                                      Case No. 2:21-cv-10508
                                      Hon. Linda V. Parker

SHERMAN CAMPBELL,

      Respondent.

_____/

## ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Michigan prisoner James E. Kitchen ("Petitioner") has filed a successive petition for a writ of habeas corpus challenging his 2004 Cheboygan Circuit Court conviction of four counts of first-degree criminal sexual conduct. Mich. Comp. Laws § 750.520b(1)(a). The petition challenges his conviction on five grounds: (1) the state trial court failed to hold a hearing on Petitioner's post-conviction motion; (2) the prosecutor suppressed exculpatory evidence; (3) Petitioner is actually innocent; (4) the police relied on false statements to obtain probable cause to arrest Petitioner; and (5) the trial court failed to hold a hearing on Petitioner's claims of witness intimidation.

Petitioner previously filed a federal habeas petition challenging his state court

1

convictions in the United States District Court for the Western District of Michigan. The Court dismissed the petition because it was filed after expiration of the statute of limitations. *Kitchen v. Bauman*, No. 2:14-cv-00076, 2014 WL 3809174 (W.D. Mich. Aug. 1, 2014). The Sixth Circuit affirmed. *Kitchen v. Bauman*, 629 F. App'x. 743 (6th Cir. Oct. 29, 2015). Petitioner later unsuccessfully sought post-judgment relief. *Kitchen v. Bauman*, No. 2:14-cv-00076 (W.D. Mich. June 23, 2016); *Kitchen v. Bauman*, No. 16-2001 (6th Cir. Feb. 14, 2017).

Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. *See* 28 U.S.C. § 1631; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Petitioner may file a successive petition.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 15, 2021